1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11

KARRIEM SHAHEED,                          )   Case No.: 1:20-cv-01450-SAB (PC)
                                          )
12              Plaintiff,                 )   ORDER GRANTING, IN PART, DEFENDANTS'
                                          )   MOTION TO STAY DISCOVERY, GRANTING
13        v.                               )   PLAINTIFF'S MOTION TO DEFER RULING ON
                                          )   THE MOTION FOR SUMMARY JUDGMENT,
14   S. SHERMAN, et al.,                   )   AND GRANTING PLAINTIFF EXTENSION OF
                                          )   TIME TO FILE AN OPPOSITION
15              Defendants.                )
                                          )   (ECF Nos. 29, 35)
16   _____      )

17        Plaintiff Karriem Shaheed is proceeding *pro se* and *in forma pauperis* in this civil rights action

18   pursuant to 42 U.S.C. § 1983.

19        Currently before the Court is Defendants' motion to stay discovery and Plaintiff's motion to

20   defer ruling on Defendants' motion for summary judgment, filed February 8, 2022 and May 2, 2022,

21   respectively.  (ECF Nos. 29, 35.)

22                                           **I.**

23                              **PROCEDURAL BACKGROUND**

24        This action is proceeding against Defendants S. Sherman, J. Martin, E. Burden, K.J. Allen,

25   Scott Kernan, and Does 1 through 31 for unconstitutional conditions of confinement in violation of the

26   Eighth Amendment.

27        On September 20, 2021, Defendants filed an answer to the complaint.

28   ///

On November 22, 2021, a settlement conference was conducted but the parties did not reach an agreement.  Therefore, on November 29, 2021, the Court issued the discovery and scheduling order.

On February 8, 2022, Defendants filed the instant motion for summary judgment, along with a motion to stay discovery.

On May 2, 2022, Plaintiff filed an opposition to Defendants' motion to stay discovery, and a separate motion to defer ruling on Defendants' motion for summary judgment.

On May 12, 2022, Defendants filed a reply to Plaintiff's opposition and an opposition to Plaintiff's motion to defer ruling on the pending motion for summary judgment.

## II.

### DISCUSSION

Defendants move for a stay of discovery under Crawford-El v. Britton, 523 U.S. 574, 598 (1998), and Anderson v. Creighton, 483 U.S. 635, 646 n.6 (1987), and Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982), pending the Court's ruling on their motion for summary judgment based on qualified immunity. Plaintiff claims the motion should be denied because he needs to conduct discovery to prove that Defendants are not entitled to qualified immunity.  More specifically, Plaintiff argues his discovery requests, attached to his request to defer ruling on the motion for summary judgment, "may reveal that, rather than insuring there was no mold or mold conducive conditions, those inspections found mold, or leaks, roof holes, or other conditions conducive to black mold …" [d]iscovery may reveal the repairs were of conditions conducive of mold."  (ECF No. 35 at 7.)

"Qualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation.'" Saucier v. Katz, 533 U.S. 194, 200(2001) (quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)).  The privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." Mitchell, 472 U.S. at 526.  In order to minimize the costs incurred by an immune defendant, a court must resolve qualified immunity questions at the earliest possible stage in litigation. Saucier, 533 U.S. at 200–01 (citing Hunter v. Bryant, 502 U.S. 224, 227 (1991)).

Although the Supreme Court recognizes that a well-supported claim of qualified immunity should shield a defendant from "unnecessary and burdensome discovery," Crawford–El, 523 U.S. at

2

598, invocation of the defense is not a bar to all discovery. First, it is essential to recognize that because the defense of qualified immunity is limited to particular claims against particular individuals, the corresponding protection against burdensome discovery is also limited. The defense is available only to individual government officials, not governmental entities. Owen v. City of Independence, 445 U.S. 622 (1980). Furthermore, it is applicable only against claims for monetary damages, and has no application to claims for declaratory or injunctive relief. Meiners v. University of Kansas, 359 F.3d 1222, 1233 n. 3 (10th Cir.2004). Finally, the doctrine is applicable only to claims against officers in their individual capacities; official-capacity claims, being the equivalent of a claim against an entity, are not subject to qualified immunity. Id.

Even where a qualified immunity defense is asserted, some limited discovery is still permitted. As the Supreme Court in Crawford–El observed, qualified immunity does not protect an official from *all* discovery, but only from that which is "broad-reaching." 523 U.S. at 593 at n. 14.  Limited discovery may be necessary when the doctrine is asserted in a motion for summary judgment on contested factual assertions. Id., citing Anderson v. Creighton, 483 U.S. at 646, n. 6 (discovery may be appropriate where, for example, the defendant's characterization of his actions differ from the plaintiff's characterization of those actions).

 A plaintiff faced with a defense of qualified immunity in a motion for summary judgment may also be entitled to conduct discovery to explore facts essential to justify opposition to the motion as provided for by Fed. R. Civ. P. 56(d). See Crawford–El, 523 U.S. at 599 n. 20; see also Lewis v. City of Fort Collins, 903 F.2d 752, 758 (10th Cir.1990).  In addition, discovery up to the point when the qualified immunity issue is presented for adjudication may be appropriate. The protection of the governmental actor is best served when the issue of qualified immunity is raised at the earliest possible stage of the litigation. Crawford–El, 523 U.S. at 600.

Defendants asserts that since the issue of qualified immunity is raised, it should be resolved before further discovery is permitted.  "We think the matter somewhat more complicated." Anderson v. Creighton, 483 U.S. at 646 n. 6. "[I]t should first be determined whether the actions the [plaintiffs] allege [the defendant] to have taken are actions that a reasonable officer could have believed lawful. If they are, then [the defendant] is entitled to dismissal prior to discovery." Id. "If they are not, and if the

1   actions [the defendant] claims he took are different from those [the plaintiffs] allege (and are actions

2   that a reasonable officer could have believed lawful), then discovery may be necessary before [the

3   defendant's] motion for summary judgment on qualified immunity grounds can be resolved." Id.

4        Defendants do not argue that, accepting all allegations of the complaint as true, their alleged

5   conduct did not violate clearly established law.  Instead, Defendants argue that, under the version of

6   events they present in their motion for summary judgment, their conduct did not violate the

7   Constitution or clearly established law. (ECF No. 28 at 19.)  Under Anderson and Crawford–El, such

8   an argument does not preclude discovery prior to resolution of the qualified immunity defense.

9   Therefore, balancing the need for discovery to go forward on Plaintiff's deliberate indifference claim

10  against Defendants' right to have an early determination of the qualified immunity defense, the Court

11  concludes a stay is appropriate, but will allow Plaintiff to proceed on the discovery requests attached

12  to his request to defer ruling on the motion for summary judgment, and grant Plaintiff an extension of

13  time to file an opposition.

## III.

## CONCLUSION AND ORDER

16       Based on the foregoing, it is HEREBY ORDERED that:

17       1.    Defendants' motion to stay discovery is granted, in part;

18       2.    All discovery, beyond that described above, is STAYED;

19       3.    Plaintiff's motion to defer ruling on the pending motion for summary judgment is

20             granted;

21       4.    Within thirty (30) days from the date of service of this order, Defendants shall respond

22             to Plaintiff's discovery requests attached to his request to defer ruling on the motion for

23             summary judgment (ECF No. 35 Ex. A.); and

24  ///

25  ///

26  ///

27  ///

28  ///

5.      Plaintiff's opposition to Defendants' motion for summary judgment shall be filed on or before **July 15, 2022.  No further extensions of time will be granted absent a showing of extraordinary circumstances.**

IT IS SO ORDERED.

Dated:   **May 17, 2022**

UNITED STATES MAGISTRATE JUDGE

5