UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARRIEM SHAHEED,<br><br>        Plaintiff,<br><br>    v.<br><br>S. SHERMAN, et al.,<br><br>        Defendants. | Case No. 1:20-cv-01450-ADA-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(ECF Nos. 28, 40) |

      Plaintiff Karriem Shaheed ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On August 25, 2022, the assigned United States Magistrate Judge issued findings and recommendations recommending Defendants' motion for summary judgment for failure to exhaust the administrative remedies be denied and the motion for summary judgment on the merits be granted.  (ECF No. 40.)  The findings and recommendations were served on the parties and contained notice that any objections were to be filed within twenty-one (21) days after service.  (*Id*. at 18.)  After receiving two extensions of time, Plaintiff filed objections on November 3, 2022, and Defendants filed a response on November 17, 2022.  (ECF Nos. 45, 46.)

      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, including Plaintiff's objections and Defendants' response, the Court finds the findings and recommendations to be

1

1  supported by the record and by proper analysis.

2      To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to her health or safety. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). A deliberate indifference claim has both a subjective and an objective element. *Helling v. McKinney*, 509 U.S. 25, 35 (1993). A prison official's mere negligence is not sufficient establish liability. Rather, the official's conduct must have been wanton. *Farmer*, 511 U.S. at 83. To meet the objective element of the deliberate indifference standard, Plaintiff must demonstrate the existence of a serious risk to his health or safety. *Helling*, 509 U.S. at 35. To meet the subjective element, Plaintiff must show that the official knew of and disregarded the substantial risk of harm. *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002).

    In judging the evidence before the Court, no genuine issue of material fact precludes entry of judgment in favor of Defendants. The Court finds that there was a serious risk to Plaintiff's health or safety while housed at the Substance Abuse Treatment Facility and State Prison, Corcoran ("SATF"). However, the Court finds that upon notice of the risk, Defendants addressed such substantial risk of harm.

    In his objections, Plaintiff argues the Court may infer from the evidence that a mere fifteen samples of mold tested over a three-year period falls significantly short of reasonable. (ECF No. 45 at 7.) Plaintiff attaches test results of mold samples in different areas of SATF. (*Id.* at 40-87.) However, the results do not demonstrate a growth or decline of the mold presence at SATF throughout the pertinent time period. As a result, the evidence does not support that Defendants were unreasonable in their efforts to mitigate the mold in SATF. In fact, SATF officials have taken reasonable steps in repairing and maintaining the buildings infested with any black mold. (ECF No. 40 at 16.) Plaintiff further argues that Defendants failed to demonstrate that the measures taken were sufficient to prevent or remove mold. (ECF No. 45 at 9.) However, as the Magistrate Judge had reasoned, simply because a plaintiff disagrees with the method of repairs and maintenance does not mean that Defendants acted recklessly or wantonly with respect to the plaintiff's health and safety. *See Colwell v. Bannister*, 763 F.3d 1060, 1068 (9th Cir. 2014). It is undisputed that black mold was present in the building, but SATF officials

made reasonable measures to mitigate the black mold during the relevant time period. Defendants did not disregard the risk to Plaintiff's health and safety. Overall, the evidence demonstrates that Defendants' implemented measures to mitigate such risk, defeating Plaintiff's deliberate indifference claim under the Eighth Amendment.

Accordingly,

1. The findings and recommendations issued on August 25, 2022 (ECF No. 40), are ADOPTED in full;
2. Defendants' motion for summary judgment for failure to exhaust the administrative remedies is DENIED;
3. Defendants' motion for summary judgment on the merits of Plaintiff's claim is GRANTED; and
4. The Clerk of Court is directed to enter judgment in favor of Defendants.

IT IS SO ORDERED.

Dated:   December 21, 2022

UNITED STATES DISTRICT JUDGE